The plaintiff replied to the answer, and the cause stood several terms upon orders for taking testimony. At the last term, without any (408) order, publication, and without setting the cause down for hearing "the pleas were set down for argument"; and the counsel for the plaintiff further moved the court "that it be referred to the master, without prejudice, to take an account, with power to examine the parties on oath, and to compel them to produce such papers as they may respectively have in their possession as are requisite for taking such account." The court refused the motion, but allowed an appeal by the plaintiff to this Court.
The question brought up by the appeal is necessarily confined to the order denying the motion made on behalf of the plaintiff. But we cannot forbear remarking upon the unusual and incorrect manner in which the parties treat the defense set up under the statute of limitations. That defense, it is true, is proper for a plea, the office of which is to render an answer unnecessary. If the defendant does not, indeed, choose to bring it forward, by way of plea, he may insist on it in an answer. But if he does, the whole case made by the bill and answer is open for consideration; and the party cannot claim to have that part of his answer, as constituting a distinct and substantive bar, disposed of before the cause is ready for hearing on all the pleadings and proofs. It is doubtless competent for the court, upon the hearing, to decline entering into other parts of a cause, if there be one decisively against the plaintiff. But that is only to save time and unnecessary labor, and is a decision of the court in the cause, when the whole of it is open to discussion upon the hearing, and is very different from setting the case down to be heard upon the bill, one particular part of the answer, and the replication to it. There is, in fact, no plea to be argued. There is an answer, and the cause now stands on a general replication to it, and therefore the equity cannot be denied until the case shall come on regularly to a hearing.
(409) A similar reason sustains the particular order complained against. It is contrary to the course of the court to order a reference for taking accounts, on motion. It involves the whole merits of the cause, since such a reference can never be made until the *Page 317 
defendant is found by the court to be bound to account; and that is the question to be decided at the hearing. Inquiries as to particular facts may, indeed, be ordered upon the hearing, in aid of the Chancellor, upon matters reserved for further directions; but a reference to take an account upon a bill, whose sole object is to get such an account, is a peremptory adjudication of the defendant's liabilities, according to the result as it may be found by the master, and overrules all the bars set up in the answer, so far at least as to prevent the bill from being afterwards dismissed. If it be said that the reference asked was to be without prejudice, the reply is obvious that, as an order of the court in invitum, such an order is incongruous and absurd, since it professes to reserve that for future adjudication, which, by the import of the same order, has been already determined. The parties may consent to such a proceeding for the purpose of speeding the cause, and the court may require in a proper case such consent from a party as a condition on which a favor may be granted to him. But without consent, the court can never make such an order. Attempts have been made, upon the pretext of a loose practice in our courts, to escape from the consequences of a reference by treating the case as still open to the equity of the defendant; but such attempts have not been sanctioned by this Court. Bruce v. Child, 4 Hawks, 372. It is deemed safe and proper to adhere to the established rules and practice of courts of Equity. It must, therefore, be certified to the court of Craven that, in the opinion of this Court, there is no error in the order of that court, from which the plaintiff appealed, and the appellant must pay the costs of the appeal.
PER CURIAM. Decree below confirmed.
Cited: McDonald v. McLeod, 36 N.C. 224; McCaskill v. McBryde, 37 N.C. 53.
(410)